GERSTEN, Judge,
specially concurring.
I specially concur.
A trial judge’s determination that a confession was freely and voluntarily made comes to this court with a presumption of correctness. Stone v. Stone, 378 So.2d 765 (Fla.1979), cert. denied, 449 U.S. 986, 101 S.Ct. 407, 66 L.Ed.2d 250 (1980).
Here, appellant contends that his confession was not free and voluntary based on his age, level of education, and poverty. However, the voluntariness of a confession is judged not just on those specific factors, but rather on the totality of the circumstances. Kight v. State, 512 So.2d 922 (Fla.1987), cert. denied, 485 U.S. 929, 108 S.Ct. 1100, 99 L.Ed.2d 262 (1988). These circumstances may include mental capacity, physical conditions, demeanor, coherence, articulateness, capacity to make full use of one's faculties, memory, level of education, level of reading skill, time of interrogation, and prior record or experience with the criminal justice system. State v. Crosby, 599 So.2d 138 (Fla. 5th DCA 1992).
Although appellant was young and lacked formal education, he was street-smart and had substantial experience with the criminal justice system. Accordingly, I agree that the trial court’s ruling should be affirmed.